UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ULTRA PRODUCTS, INC.,

    Plaintiff,

vs.

ANTEC, INC.;
CHANNEL WELL TECHNOLOGY CO., LTD.;
CHANNEL WELL TECHNOLOGY CO. (U.S.A.), INC.;
CORSAIR MEMORY, INC.;
ENHANCE ELECTRONICS CO., LTD.;
E-POWER TECHNOLOGY/PCMCIS;
SPI ELECTRONIC CO., LTD. d/b/a FSP GROUP, INC.;
FSP GROUP USA CORP.;
KOOLANCE USA;
MUSHKIN, INC.;
OCZ TECHNOLOGY;
SEA SONIC ELECTRONICS CO., LTD.;
SILVERSTONE TECHNOLOGY, INC.;
SPIRE-BYTECOM FANNER CORPORATION;
TAGAN TECHNOLOGY CO., LTD.;
TAGAN TECHNOLOGY CO.;
THERMALTAKE TECHNOLOGY CO., LTD.;
THERMALTAKE, INC.;
TOPOWER COMPUTER INDUSTRIAL CO., LTD.;
TOPOWER COMPUTER (U.S.A.), INC.;
ZALMAN TECHNOLOGY COMPANY, LTD.; and
ZALMAN USA, INC.,

    Defendants.
_____/

CIVIL ACTION NO.

6:08-CV-503-ORL-19-DAB

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff Ultra PRODUCTS, INC. ("Ultra"), in support of its Complaint against Defendants Antec, Inc.; Channel Well Technology Company, Ltd.; Channel Well Technology Co. (U.S.A.), Inc.; Corsair Memory, Inc.; Enhance Electronics Co., Ltd; E-

Power Technology/PCMCIS; Spi Electronic Co., Ltd. d/b/a FSP Group Inc; FSP Group USA Corp.; Koolance USA; Mushkin, Inc.; OCZ Technology; Sea Sonic Electronics Co., Ltd.; Silverstone Technology, Inc.; Spire - Bytecom Fanner Corporation; Tagan Technology Co., Ltd.; Tagan Technology Co.; Thermaltake Technology Co., Ltd; Thermaltake, Inc.; Topower Computer Industrial Co., Ltd.; Topower Computer (U.S.A.), Inc.; Zalman Technology Company, Ltd.; and Zalman USA, Inc. (collectively "Defendants"); states as follows:

## THE PARTIES

1. Plaintiff Ultra is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6910 State Road 36, Fletcher, Ohio 45326.

2. Upon information and belief, Defendant Antec, Inc. ("Antec") is a corporation organized under the laws of California with its principal place of business located at 47900 Fremont Blvd., Fremont, California 94538.

3. Upon information and belief, Defendant Channel Well Technology Co., Ltd. is a corporation organized under the laws of Taiwan with its principal place of business located at No. 222, Sec. 2, Nankan Rd., Lujhu Township, Taoyuan Hsien, Taiwan, R.O.C.

4. Upon information and belief, Defendant Channel Well Technology (U.S.A.), Inc. is a wholly-owned subsidiary of Channel Well Technology Co., Ltd. and is a corporation organized under the laws of the state of California with its principal place of business located at 21068 Commerce Pointe Drive, Walnut, California 91789.

5. Channel Well Technology Co., Ltd. and Channel Well Technology (U.S.A.),

Inc. are referred to collectively herein as "Channel Well Technology."

6. Upon information and belief, Defendant Corsair Memory, Inc. ("Corsair") is a corporation organized under the laws of the state of California with its principal place of business located at 46221 Landing Parkway, Fremont, California 94538.

7. Upon information and belief, Defendant Enhance Electronics Co., Ltd. ("Enhance") is a corporation organized under the laws of Taiwan with a principal place of business located at Eighth Floor, 123 Lane 235 Pao Chiao Road, Hsin Tien, Taipei, Taiwan, and a U.S. office located at 13100 Alondra Blvd., Unit 106, Cerritos, California 90701.

8. Upon information and belief, Defendant E - Power Technology/PCMCIS ("ePower") is a corporation organized under the laws of the state of California with its principal place of business located at 18529 Gale Avenue, Rowland Heights (City of Industry), California 91748.

9. Upon information and belief, Defendant Spi Electronic Co., Ltd. d/b/a FSP Group Inc. is a corporation organized under the laws of Taiwan with its principal place of business located at 22 Jianguo E. Rd., Taoyuan City, Taiwan.

10. Upon information and belief, Defendant FSP Group USA Corp. is a wholly-owned subsidiary of Spi Electronic Corp., Ltd. d/b/a FSP Group Inc. and is a corporation organized under the laws of the state of California with a principal place of business located at 12484 Albers Way, Chino, CA 91710.

11. Spi Electronic Co., Ltd. d/b/a FSP Group Inc. and FSP Group USA Corp. are referred to collectively herein as "FSP."

12. Upon information and belief, Defendant Koolance USA ("Koolance") is a corporation organized under the laws of the state of Washington with its principal place of business located at 2840 West Valley Highway North, Auburn, Washington 98001.

13. Upon information and belief, Defendant Mushkin, Inc. ("Mushkin") is a corporation organized under the laws of the state of Colorado with its principal place of business located at 333 West Colfax Avenue, Suite 400, Denver, Colorado 80204.

14. Upon information and belief, Defendant OCZ Technology ("OCZ") is a corporation organized under the laws of the state of California with its principal place of business located at 860 E. Arques Ave., Sunnyvale, California 94085.

15. Upon information and belief, Defendant Sea Sonic Electronics Co., Ltd. aka Sea Sonic Electronics, Inc. ("Sea Sonic") is a corporation organized under the laws of Taiwan with its principal place of business located at Eighth Floor, 19 Alley 360 Neihu Road Sec. 1, Neihu, Taipei, Taiwan, and a U.S. branch office located at 1330 Mountain View Circle, Building F, Azusa, California 91702.

16. Upon information and belief, Defendant Silverstone Technology, Inc. ("Silverstone") is a corporation organized under the laws of Taiwan with its principal place of business located at 18F-8, No. 738 Chung-Cheng Rd., Chung-Ho City, Taipei Hsien, Taiwan and a U.S. branch office located at 20885 Currier Road, City of Industry, California 91789.

17. Upon information and belief, Defendant Spire - Bytecom Fanner Corporation ("Spire") is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 15800 El Prado Rd., #F, Chino, California 91710.

18. Upon information and belief, Defendant Tagan Technology Co., Ltd. is a corporation organized under the laws of Taiwan, Republic of China, with its principal place of business located at Fourth Floor, 2 Lane 118 Shinguang Road, Sec 1, Wenshan Chiu, Taipei City, Taiwan.

19. Upon information and belief, Defendant Tagan Technology Co. is a wholly-owned subsidiary of Tagan Technology Co., Ltd. organized under the laws of the state of California with its principal place of business located at 1307 John Reed Court, City of Industry, California 91745.

20. Tagan Technology Co., Ltd. and Tagan Technology Co. are referred to collectively herein as "Tagan."

21. Upon information and belief, Defendant Thermaltake Technology Co., Ltd. is a corporation organized under the laws of Taiwan with its principal place of business located at 4F 268 Sec 3 Pei Shen Road, Shen Keng Hsiang, Taipei Hsien, 222 Taiwan.

22. Upon information and belief, Defendant Thermaltake, Inc. is a wholly-owned subsidiary of Thermaltake Technology Co., Ltd. organized under the laws of the state of California, with its principal place of business located at 575 Parriott Place, Rowland Heights (City of Industry), California 91745.

23. Thermaltake Technology Co., Ltd. and Thermaltake, Inc. are referred to collectively herein as "Thermaltake."

24. Upon information and belief, Defendant Topower Computer Industrial Co., Ltd. is a corporation organized under the laws of Taiwan, Republic of China, with its

5

principal place of business located at Seventh Floor, 7 Lane 235 Pao Chiao Road, Hsin Tien, Taipei Hsien 231 Taiwan.

25. Upon information and belief, Defendant Topower Computer (U.S.A.), Inc. is a wholly-owned subsidiary of Topower Computer Industrial Co., Ltd. and is a corporation organized under the laws of the state of California with a principal place of business located at 18529 E. Gale Ave., City of Industry, CA 91748.

26. Topower Computer Industrial Co., Ltd. and Topower Computer (U.S.A.), Inc. are referred to collectively herein as "Topower."

27. Upon information and belief, Defendant Zalman Technology Company, Ltd. is a corporation organized under the laws of South Korea with a principal place of business located at 1007 Daeryung Techno Town III, 448 Gasan-dong, Gumchun-gu, Seoul, 153-803, Korea.

28. Upon information and belief, Defendant Zalman USA, Inc. is a wholly-owned subsidiary of Zalman Technology Company, Ltd. and is organized under the laws of the state of California with its principal place of business located at 10531 Garden Grove Blvd., Garden Grove, CA 92843.

29. Zalman Technology Company, Ltd. and Zalman USA, Inc. are referred to collectively herein as "Zalman."

## JURISDICTION AND VENUE

30. This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq.

31. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action for patent infringement arises under the laws of the United States, including 35 U.S.C. §§271 and 281-285.

32. This Court has personal jurisdiction over the Defendants as they regularly conduct business throughout this District and have committed tortious acts (e.g., patent infringement) throughout this District.

33. Venue is proper in this District under 28 U.S.C. § 1391 as Defendants regularly conduct business throughout this District.

## FACTS COMMON TO ALL COUNTS

34. Ultra is the owner by assignment of United States Patent No. 7,133,293 (the "'293 Patent"). The '293 patent was duly and legally issued by the United States Patent and Trademark Office on November 7, 2006. A true and correct copy of the '293 patent is attached as Exhibit "1".

35. Carl Fiorentino and Chih-Wei Kuo are the named co-inventors of the '293 Patent. Both named co-inventors have directly or indirectly assigned the entirety of their ownership in the '293 patent to Ultra.

36. The '293 Patent is valid and enforceable.

## COUNT I: ANTEC, INC.'s INFRINGEMENT OF THE '293 PATENT

37. Upon information and belief, Antec makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power

7

supplies include, but are not limited to the following products: Antec SmartPower 2.0 500W ATX, Antec TruePower, and Antec NeoHE 430 ("Accused Products").

38. Upon information and belief, Antec and/or Antec's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Antec's infringement of the '293 patent has been willful and deliberate.

39. Ultra has been irreparably and monetarily damaged by Antec's infringement of the '293 patent. If Antec's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Antec's conduct.

## COUNT II: CHANNEL WELL TECHNOLOGY'S INFRINGEMENT OF THE '293 PATENT

40. Upon information and belief, Channel Well Technology makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Antec SmartPower 400W and 500W and Corsair HX 1000 ("Accused Products").

41. Upon information and belief, Channel Well Technology and/or Channel Well Technology's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Channel Well Technology's infringement of the '293 patent has been willful and deliberate.

42. Ultra has been irreparably and monetarily damaged by Channel Well Technology's infringement of the '293 patent. If Channel Well Technology's actions are not

permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Channel Well Technology's conduct.

### COUNT III: CORSAIR 'S INFRINGEMENT OF THE '293 PATENT

43. Upon information and belief, Corsair makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Corsair HX520W, HX620W, and HX1000W ("Accused Products").

44. Upon information and belief, Corsair and/or Corsair's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Corsair's infringement of the '293 patent has been willful and deliberate.

45. Ultra has been irreparably and monetarily damaged by Corsair's infringement of the '293 patent. If Corsair's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Corsair's conduct.

### COUNT IV: ENHANCE 'S INFRINGEMENT OF THE '293 PATENT

46. Upon information and belief, Enhance makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Antec TruePower Quattro

850W and 1000W power supplies; Zalman ZM-850HP power supplies; and Silverstone ST60F, ST75F, ST85F, DA750, DA850, and DA1200 power supplies ("Accused Products").

47. Upon information and belief, Enhance and/or Enhance's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Enhance's infringement of the '293 patent has been willful and deliberate.

48. Ultra has been irreparably and monetarily damaged by Enhance's infringement of the '293 patent. If Enhance's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Enhance's conduct.

## COUNT V: ePOWER's INFRINGEMENT OF THE '293 PATENT

49. Upon information and belief, ePower makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: ePower series 500 P5T1, 500 P5T1, and 1200 ("Accused Products").

50. Upon information and belief, ePower and/or ePower's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, ePower's infringement of the '293 patent has been willful and deliberate.

51. Ultra has been irreparably and monetarily damaged by ePower's infringement of the '293 patent. If ePower's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of ePower's conduct.

## COUNT VI: FSP'S INFRINGEMENT OF THE '293 PATENT

52. Upon information and belief, FSP makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: FSP Everest 1010W, Zalman ZM-500HP, and OCZ Evostream ("Accused Products").

53. Upon information and belief, FSP and/or FSP's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, FSP's infringement of the '293 patent has been willful and deliberate.

54. Ultra has been irreparably and monetarily damaged by FSP's infringement of the '293 patent. If FSP's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of FSP's conduct.

## COUNT VII: KOOLANCE 'S INFRINGEMENT OF THE '293 PATENT

55. Upon information and belief, Koolance makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power

supplies include, but are not limited to the following products: Koolance 1200W Liquid-Cooled Power Supply and Koolance 1300/1700W Liquid Cooled Power Supply ("Accused Products").

56. Upon information and belief, Koolance and/or Koolance's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Koolance's infringement of the '293 patent has been willful and deliberate.

57. Ultra has been irreparably and monetarily damaged by Koolance's infringement of the '293 patent. If Koolance's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Koolance's conduct.

### COUNT VIII: MUSHKIN, INC.'S INFRINGEMENT OF THE '293 PATENT

58. Upon information and belief, Mushkin makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Mushkin HP-550 and XP-550 ("Accused Products").

59. Upon information and belief, Mushkin and/or Mushkin's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Mushkin's infringement of the '293 patent has been willful and deliberate.

60. Ultra has been irreparably and monetarily damaged by Mushkin's infringement of the '293 patent. If Mushkin's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Mushkin's conduct.

## COUNT IX: OCZ'S INFRINGEMENT OF THE '293 PATENT

61. Upon information and belief, OCZ makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: OCZ ModStream and OCZ EvoStream ("Accused Products").

62. Upon information and belief, OCZ and/or OCZ's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, OCZ's infringement of the '293 patent has been willful and deliberate.

63. Ultra has been irreparably and monetarily damaged by OCZ's infringement of the '293 patent. If OCZ's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of OCZ's conduct.

## COUNT X: SEA SONIC'S INFRINGEMENT OF THE '293 PATENT

64. Upon information and belief, Sea Sonic makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power

supplies include, but are not limited to the following products: Antec NeoHE 380, 430, 500, and 550W products ("Accused Products").

65. Upon information and belief, Sea Sonic and/or Sea Sonic's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Sea Sonic's infringement of the '293 patent has been willful and deliberate.

66. Ultra has been irreparably and monetarily damaged by Sea Sonic's infringement of the '293 patent. If Sea Sonic's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Sea Sonic's conduct.

## COUNT XI: SILVERSTONE 'S INFRINGEMENT OF THE '293 PATENT

67. Upon information and belief, Silverstone makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Silverstone ST60F, ST75F, ST85F, DA750, DA850, and DA1200 models ("Accused Products").

68. Upon information and belief, Silverstone and/or Silverstone's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Silverstone's infringement of the '293 patent has been willful and deliberate.

69. Ultra has been irreparably and monetarily damaged by Silverstone's infringement of the '293 patent. If Silverstone's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Silverstone's conduct.

## COUNT XII: SPIRE'S INFRINGEMENT OF THE '293 PATENT

70. Upon information and belief, Spire makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Spire SP-500W Rocketeer ("Accused Product").

71. Upon information and belief, Spire and/or Spire's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Spire's infringement of the '293 patent has been willful and deliberate.

72. Ultra has been irreparably and monetarily damaged by Spire's infringement of the '293 patent. If Spire's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Spire's conduct.

## COUNT XIII: TAGAN'S INFRINGEMENT OF THE '293 PATENT

73. Upon information and belief, Tagan makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power

supplies include, but are not limited to the following products: Tagan TG530-U15 and TG and BZ series products ("Accused Products").

74. Upon information and belief, Tagan and/or Tagan's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Tagan's infringement of the '293 patent has been willful and deliberate.

75. Ultra has been irreparably and monetarily damaged by Tagan's infringement of the '293 patent. If Tagan's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Tagan's conduct.

## COUNT XIV: THERMALTAKE'S INFRINGEMENT OF THE '293 PATENT

76. Upon information and belief, Thermaltake makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: W0057 Purepower 500W and Toughpower 700W, 750W, 850W, 1kW, and 1200W ("Accused Products").

77. Upon information and belief, Thermaltake and/or Thermaltake's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Thermaltake's infringement of the '293 patent has been willful and deliberate.

78. Ultra has been irreparably and monetarily damaged by Thermaltake's infringement of the '293 patent. If Thermaltake's actions are not permanently enjoined,

Ultra will continue to be irreparably and monetarily damaged as a result of Thermaltake's conduct.

### COUNT XV: TOPOWER'S INFRINGEMENT OF THE '293 PATENT

79. Upon information and belief, Topower makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: ePower EP-500P5-T1 and EP-1200; Tagan TG530-U15; Spire SP-500W Rocketeer; and Mushkin HP-550 ("Accused Products").

80. Upon information and belief, Topower and/or Topower's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Topower's infringement of the '293 patent has been willful and deliberate.

81. Ultra has been irreparably and monetarily damaged by Topower's infringement of the '293 patent. If Topower's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Topower's conduct.

### COUNT XVI: ZALMAN'S INFRINGEMENT OF THE '293 PATENT

82. Upon information and belief, Zalman makes, uses, sells, offers to sell, and/or imports power supplies with knowledge of Ultra's rights under the '293 patent, and knowingly and with specific intent actively aids and abets and otherwise induces others to

utilize its power supplies in a manner that infringes claims of the '293 patent. These power supplies include, but are not limited to the following products: Zalman ZM-500HP.

83. Upon information and belief, Zalman and/or Zalman's suppliers and/or distributors have been on notice of the existence of the '293 patent since at least about November, 2006. Upon information and belief, Zalman's infringement of the '293 patent has been willful and deliberate.

84. Ultra has been irreparably and monetarily damaged by Zalman's infringement of the '293 patent. If Zalman's actions are not permanently enjoined, Ultra will continue to be irreparably and monetarily damaged as a result of Zalman's conduct.

## DEMAND FOR JURY TRIAL

Pursuant to FRCP 38(B), Ultra demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ultra prays for a judgment:

1. That Defendants have infringed the '293 patent;

2. Awarding compensatory damages for the Defendants' infringement of the '293 patent under 35 U.S.C. § 284, in an amount not less than a reasonable royalty;

3. That Defendants have willfully infringed the '293 patent, entitling Ultra to enhanced damages under 35 U.S.C. §284;

4. Permanently enjoining and restraining Defendants, their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, from further infringement of the '293 patent;

5. That this is an exceptional case under 35 U.S.C. § 285 warranting an award of Ultra's reasonable attorney fees;

6. Awarding pre-judgment and post-judgment interest to compensate Ultra for the damages it has sustained;

7. Awarding costs for this lawsuit; and

8. Awarding Ultra such other and further relief as the Court deems just and proper.

April 4, 2008

Respectfully submitted,

_____
Dawn I. Giebler-Millner
Florida Bar No. 0856576
GREENBERG TRAURIG, LLP
450 South Orange Avenue
Suite 650
Orlando, FL 32801
Telephone: (407) 420 - 1000
Facsimile: (407) 420 - 5909
millnerd@gtlaw.com

*Of Counsel:*
Michael A. Nicodema (to be admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Rosa S. Jeong (to be admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 331-3100
Facsimile: (212) 331-3101
*Attorneys for Plaintiff
Ultra Products, Inc.*

ORL 296,854,722v1 999905.768548